ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT, PARISH OF CADDO PER CURIAM: | denied. Relator fails to show entitlement to DNA testing. La.C.Cr.P. art. 926.1. We attach hereto and make a part hereof the district court’s written reasons denying relief. Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitar tions period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claim has now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam. | ^Attachment [[Image here]] RULING GaAngust 22,2007, Petitioner, GAEL ANDERSON, pled guilty of two counts of armed robbery and one erast-of forcible ripe. The Court Mbm»d Ped&mer of his MrasfitatSonal£3gtea»ptsDíi>íS*í«>,A5otw. ^«n^onjfeeCowtsctítenoedpot&itínw as to each count to bo confined at bard labor fbr a pari »t! of forty (40) years and tommitiod taitetotntóaMDcpSrtawntofCorrecfioto^bjebttothaoonfitícMmptoVidedbylJK'r. The Court ordered each sentence to be served withoitt benefit of probe&w, parole, nr suspension of sentence. The Court ordered Petitioner to pay costs through the Waste bwisag system, each sentence to be served concurrently with each other, with credit given for time served. The Court informed toe Petitioner of ids right to post-conviction, relief proceedings. The subject oftbte ruling is Petitioner's 'TWformÁOTlJcudoRtoEost-Cottviofion Relief" filed lone 19; 2015 snd'Trmsw to Application for Post-Conviction Relief’, filed October 6, 2015, kit Application and Traverse, PtfitiMier segues that aJ)NA. test ontha victim and her «tartiaeja; would have established Petitioner’s tnnoceace. Although the Apphcafiati'is fils stanpctUune 19, .2015, this Court fid not receive the Application for-review until October 9,2015. Petitioner's entrant application is untimely, To be considered, an application fbr pcst-conviottun. relief must be filed within tWo years of the Conviction. la. C. Or. JP. 4rt. 930.8. The toavictionin ⅛& cose has been£mil since 2007 and Pciitionef baa notasHfflM an exception ’to the two-year time Itaiitatton tor 3«⅞⅛⅛ post-conviction railed Additionally, Pefittcner pled guilty. At the tíme of his guilty of plea, Petitioner was informed that by pleading guilty he waived bis fight to ftrtta* argue bis guilt or innoceBne aiáfealso wlúvM.rightlo appeal¾⅛⅞⅛ ofths State’s cass sgataüiita. Xtatefbw, Pdffi(»«rfeiI}an^ñota:»istos&&dsám:líátJbisisteno6aioo. _k •Stoftar tegotoa ⅛⅝&« ¾ Post-Coiwicfion. Sato?’ filed June 19,2015 and "Tiayerseta Post-ConvfetioisSisfiisl?’, filed 0⅜>⅛⅛201⅜ ata both.BESIED. Tbe Cfci of Court ⅛ daested to.protddc-a eopy'of tHa-Rufingto die Pttiticmet, ⅛ custodkaTOd to District Aaoniey. [[Image here]] 2015j,mSbíeveport, Caddo 3⅛⅛⅜ DoiariBna. [[Image here]] [[Image here]] [[Image here]]